Theodor HORSTMANN and George
Constantinou, Appellants,
Defendants Below,

v.

Ronald RE, William Wilkinson, Mile-
tech, Inc., a Delaware corporation,
Appellees, Plaintiffs Below.

Supreme Court of Delaware.

Submitted: Oct. 16, 1984.

Decided: Dec. 7, 1984.

John A. Parkins, Jr., Chief of Appeals
Div., Wilmington, for appellants.

Joseph A. Hurley, Wilmington, for appel-
lees.

Before HERRMANN, C.J., McNEILLY
and HORSEY, JJ.

McNEILLY, Justice:

In this interlocutory appeal the sole issue
is whether the State Department of Justice
and the Attorney General have the power,
duty and authority to represent two private
citizens being sued for damages arising out
of their cooperation with the State in an
investigation conducted by the Division of
Consumer Affairs and the Department of
Justice. The Superior Court granted a mo-
tion to disqualify the Attorney General and
members of the Department of Justice.
We reverse.

On July 20, 1984, subsequent to the Su-
perior Court affirmative ruling on the mo-
tion to disqualify, the Governor signed into
law the following amendment to 29 *Del.C.*
§ 2504:

> (9) To represent witnesses for the
> State or individuals who have cooperated
> with State investigative agencies when
> they are sued as a result of, or on ac-
> count of, their cooperation with any
> agency of the State in any investigation
> or prosecution conducted by the State
> unless such representation creates a con-
> flict with the interests of the State.[1]

The unambiguous language of the new
29 *Del.C.* § 2504(9) makes it clear that the
State Department of Justice and the Attor-
ney General have the power, duty and au-

---

1. The synopsis of this amendment states: "This
bill would authorize the State Department of
Justice to represent State witnesses or persons
who have cooperated with any State investiga-
tive agency who are sued as a result of their
testimony or cooperation".

thority to represent the private citizens here involved, "unless such representation creates a conflict with the interests of the State". Therefore, we must explore the facts and surrounding circumstances of the case in which the Superior Court made its ruling to determine if such a conflict does or does not exist.

The controversy had its beginning in February, 1981 when Ronald Re and William Wilkinson demonstrated to Theodor Horstmann and George Constantinou a device developed by their corporation, Miletech, Inc., which allegedly was designed to increase the mileage of the automobile gasoline engine. George Constantinou was a potential investor. Theodor Horstmann was a competitor, present at the demonstration as adviser and at the request of Constantinou. Horstmann's inspection of the device led him to conclude that the device was being misrepresented. As a result Horstmann and Constantinou caused an investigation to be instituted by the Department of Justice and Division of Consumer Affairs. The ultimate focus of the investigation was upon various violations of Delaware's security laws relating to the sale or offering of securities. Although they denied wrongdoing, Re and Miletech entered into a cease and desist order and Wilkinson pled guilty to a misdemeanor involving the sale of securities.

The Cease and Desist Order contained a general release which provides as follows:

> The Company, its officers, directors, employees, and agents, in their corporate capacity hereby remise, release and forever discharge the State, its officers, officials, investigators, employees, in their official and individual capacity, and *Theodore Horstmann,*[*] *George Constantino* [sic],[*] and Willard Speakman, III,[*] from all claims of every kind, nature and character whatsoever against them resulting

from the investigation of the practices discussed in part IV of this Agreement.[*]

---

[*] While participating with the State in this investigation.

Nevertheless, Re, Wilkinson and Miletech instituted suit for damages against Horstmann and Constantinou. Constantinou was named as a conspirator in the alleged false and malicious accusations made by Horstmann which led to the investigation by the Department of Justice and Department of Consumer Affairs. In addition, Re, Wilkinson and Miletech have instituted suit against the State and seven State officials for damages arising out of the same investigation.

Re, Wilkinson and Miletech contend the State should not represent Horstmann and Constantinou because:

1. Horstmann and Constantinou possibly could be prosecuted by the Attorney General for falsely reporting, for personal gain only, criminal activity (11 *Del.C.* § 1245)[2] of Re, Wilkinson and Miletech;

2. There is a conflict of interest in the suit filed against Horstmann and Constantinou and the independent suit filed against the State and seven State officials; and

3. Re, Wilkinson and Miletech intend to call members of the Department of Justice to testify in their suit against the State and seven State officials.

None of these arguments have merit. The contention that Horstmann and Constantinou might be subject to possible criminal prosecution is far too conjectural, particularly in light of the Cease and Desist Order and guilty plea. Contentions 2 and 3 have no support in law, but to the contrary evidence no conflict under DR5–102(B) of the Code of Professional Responsibility which reads as follows:

**2.** 11 *Del.C.* § 1245 provides in pertinent part:
 a. The alleged occurrence of an offense or incident which did not in fact occur; or

 b. An allegedly impending occurrence of an offense or incident which is not in fact about to occur. . . .

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

For the foregoing reasons the judgment of the Superior Court is hereby

\*  \*  \*

REVERSED.